**Dennis NIX, Appellant,**

v.

**Donald SWEENEY et al., Appellees.**

No. 78–1885.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1979.

Decided May 30, 1979.

Rehearing and Rehearing En Banc Denied June 18, 1979.

---

Thomas E. Toney, III, Martha Moody and Richard Geissal of ACLU, St. Louis, Mo., on brief for appellant.

David O. Danis and Daniel G. Tobben, of Whalen, O'Connor, Danis & Tobben, St. Louis, Mo., on brief for appellees.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN, District Judge.*

GIBSON, Chief Judge.

Plaintiff Dennis Nix appeals from the judgment of the District Court [1] dismissing his cause of action after a jury verdict in favor of the defendants. Nix contends that the District Court did not follow a prior opinion of this court, Nix v. Sweeney, 573 F.2d 988 (8th Cir. 1978), which reversed in part an earlier judgment in this case and remanded the matter to the District Court for further proceedings. After carefully considering the parties' briefs and the record, we affirm.

This case involves claims that the defendants violated the constitutional rights of Dennis Nix by arresting him and searching, seizing, and copying his property. The facts are adequately set forth in our earlier opinion. At that time the District Court held Nix's arrest by Sweeney and other police officers was based on probable cause and was lawful. Therefore it granted summary judgment on that issue and submitted only the issues regarding the search and seizure to the jury. The jury found for the defendants. We reversed because conflicting evidence of probable cause for an arrest is a matter for the jury to weigh and not a matter for resolution by summary judgment. Nix v. Sweeney, 573 F.2d 998 (8th Cir. 1978); Linn v. Garcia, 531 F.2d 855 (8th Cir. 1976); Giordano v. Lee, 434 F.2d 1227 (8th Cir. 1970).

On remand, the District Court limited the second jury trial to the issues involving the arrest and excluded or limited evidence concerning the search and seizure. The jury found for the defendants, implicitly concluding that probable cause existed for the arrest.

It is clear that all possibilities for recovery have now been logically foreclosed by the two jury verdicts. The latest jury trial

---

* The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

resulted in a finding that the arrest was lawful. The earlier jury trial resulted in a finding that Nix was not entitled to recover after the District Court had ruled that the arrest was lawful. There is no factual issue remaining for decision. While the plaintiff is entitled to have his case decided by a jury, the defendant is also entitled to a conclusion of this litigation.

Judgment affirmed.